is Gerlin Global Reinsurance v. Garamendi. We're happy to see you again. And whenever you're ready, you may begin. Mr. Garamendi, please report. I'm Charles Crossfield, representing the appellants in this case. The case has now returned to the court for the third time as the plaintiffs are seeking attorneys' fees after prevailing in the argument that California's Holocaust Insurance Statute is unconstitutional. As the Court knows, the plaintiffs challenged the constitutionality of the statute on three grounds, under the Commerce Clause, the Due Process Clause, and the Foreign Affairs Principle of the Constitution. The district court ruled for the plaintiffs on all three grounds. This Court reversed on all three grounds. The Supreme Court granted review and entertained argument on all three grounds. And the Court then went on to strike down the statute as unconstitutional under the Foreign Affairs Principle, making it unnecessary for it to reach the Commerce and Due Process Clause questions. The Commissioner of Insurance now argues, and the district court held, that the plaintiffs are not entitled to the award of attorneys' fees under Section 1988, even though they prevailed in the case, because the Foreign Affairs Principle of the Constitution does not create rights, privileges, or immunities within the meaning of Section 1983. Counsel, I want to ask you a question that will help me at least think this through. Let's assume that we were to hold that fees are available under the Commerce Clause and Due Process Claims, even though the Supreme Court didn't decide them under the Marin-Carreras Doctrine. Would we have to reach the question whether the Foreign Affairs power is covered by Section 1988 or not if we were to make that holding? Would we still need to reach that issue? I think absolutely not, Your Honor. The principle of the Marr rule, as recognized by this Court in Carreras and other decisions, is that whether or not the non-fee claim can be – can proceed under Section 1983. By definition, often such claims can't proceed under Section 1983. Fees, nevertheless, are appropriate if the undecided fee claim creates rights within the meaning of Section 1983. And so, no, this Court would not have to decide whether or not the Foreign Affairs principle or the executive agreements or Federal preemptive policy creates rights. Well, as a practical matter, when the case gets back to the district court, if you prevail here, the district court will have a somewhat complicated exercise in deciding how much of a fee is reasonable. And on that score, what kind of instructions should this Court give if we don't reach the question of whether the international affairs face of the case is a fee-generating part of the case? If we don't reach it, then are we going to have a fourth trip up here to decide whether the district court considered the right things in deciding what was reasonable? What kind of instructions should we give if you're right? I think the law – there is a lot of law on the question of when related claims should give rise to fees. Well, yes, they have to be intertwined, and they have to have a common nucleus of facts and so forth. And I'm sure the judge is aware of that by now. That's right, Your Honor. And I – so I'm not sure that there would be any special instructions that are necessary. I think there is no question that the claims here are clearly interrelated, as interrelated as can be. They all arise out of identical facts. They sought identical relief. And so I don't think this is the sort of case in which there was a lot of legal activity that took place that has nothing to do with the resolution of the fee-generated claim. So in a sense, your claim is twofold. The first piece of it is we're entitled to fees because of the Commerce Clause and due process claims. And the second piece of it is we're entitled to everything, all our fees, no matter which of the claims succeeded, because we got all the relief we were seeking. Well, we ultimately may be making that claim, Your Honor. But at this point, the parties agreed and the district court blessed the idea that we would simply litigate entitlement to fees as a legal proposition. And if we prevail on that, we will then address the question of what fees we're entitled to. And so there's been no calculation made as to that. And we really haven't crossed that bridge yet. So I think our position is that because the fees are all – the issues are all so closely interrelated that, yes, we would be entitled to fees for all the legal work that was not before the court now, has not been addressed by the district court, and has not been presented to the district court by the parties up to this point. One other question that would occur to me, if I were the district judge getting this case back, is the statute says may award reasonable fees. Now, is the element of reasonableness a matter of judicial discretion or some – that there isn't some kind of a legal formula that applies to it? Well, I – As you get into certain kinds of cases where there are multiple issues, you do get some various forms of fee calculation that – what goes to different kinds of damages, for example, or different kinds of work that was done in the case. As to your initial question, the may language in the statute, as the Court knows, there's a lot of law about that, too. And the degree of discretion that a district court has to deny fees is quite limited under that language. We actually have been through that in this case. The district court, at a prior stage of the proceedings, had concluded that there were special circumstances that made the award of fees here inappropriate, and he changed his mind. I mean, clearly, we think that that was wrong, and I believe that the Commissioner has abandoned that argument at this point. So I think that if we prevail, and if either the Marr-Carreras rule applies here, as we think it clearly does, or if the foreign affairs principle and the executive agreements create rights, then we are prevailing parties, and there is no circumstance which would be present in the case that would justify the denial of fees at that point. Now, the amount of fees, again, is something that we have not confronted before the district court. We have not put together a fee application yet, and so those are all issues that have to be crossed down the road. But the fundamental question is whether or not we are entitled to fees at all as prevailing parties. Roberts. Let me ask you on the entitlement issue. The fact that we in two opinions rejected your arguments, does that just drop out of the picture now? I think that that is immaterial. This Court's decision in Carreras, I think, settles that at that point, and it follows directly from the principle of the Marr rule announced by the Supreme Court. The question of entitlement to fees has to be viewed from the perspective of the court that ultimately decided the merits, in this case from the perspective of the Supreme Court. The principle of the rule is that concern about entitlement to fees should not drive the merits of the deciding court's decision, and the court should not have to be driven to decide on a constitutional issue that may be unnecessary for the resolution of the case simply to determine whether or not the plaintiff is or is not entitled to fees. And that has to be viewed from the perspective of the court which is deciding the merits, in this case the Supreme Court. And this Court said precisely that in the Carreras decision in which the district court was presented with fee and non-fee claims, in that case State law and Federal First Amendment claim. District court, in relevant part, rejected both claims. On appeal, this Court reversed on the State law grounds, said nothing about the First Amendment issue, just as in this case the Supreme Court reversed, as you said, on foreign affairs principle, said nothing about this Court's prior rulings on a commerce interprocess clause. But that part of our opinion, the whole of our whole opinion was vacated, though, correct? So it's gone. Your opinion is irrelevant. In this case. Well, they were reversed. So it certainly is our view that they are gone, that they have lost their precedential effect. And whatever persuasive force the Court's reasoning on the commerce interprocess clause issues may have in the future, which is something the parties talk about, but we think that has no relevance at all to the fee question now. We have prevailed in the case. Does it make any difference that the court granted cert on three issues, two of which encompassed, all three of which encompassed issues that we addressed? We think that that's very important. That really changes the perspective on the case. If the Court had denied cert on the commerce interprocess clause questions, and so it only had the foreign affairs issue before it, then the Mar-Carreras rule wouldn't apply, because the Court – there would be no possibility that the Court's analysis of the merits would have been driven by concern about entitlement to fees. It would have only had that one issue before it, it would have decided it one way or the other. The fact that it had all the issues before it, just as in Carreras this Court had before it, both the fee and the non-fee issue, makes all the difference, because Mar is designed to guarantee that the Court can make that sort of decision without being concerned about the effect on entitlement to fees. And it's clear from the history of Section 1988, endorsed by the Supreme Court in Mar, that Congress viewed that entitlement to fees was such an important part of the civil rights remedy in the Section 1983 case that when a plaintiff ordinarily presents both a fee and a non-fee claim, the plaintiff – and this is the language that Congress used in the committee reports – the plaintiff had an entitlement to a determination of the fee claim to settle whether or not he was entitled to fees, except in a situation in which deciding the fee claim would require the resolution of an unsettled constitutional issue. And in that circumstance, Congress said and the Supreme Court agreed, the Court should not decide the constitutional issue simply to decide the fee issue. The fee tale should not wag the merits dog. And that is the Mar rule. That's the rule that this Court applied in Carreras. And we think that, given the fact the Court, the Supreme Court, had before it all three issues, two of which are clearly fee-creating issues, or if it agrees to Congress and due process clause, can give rise to the award of attorneys' fees. The Supreme Court's disposition of the case controls the outcome here under Mar and under Carreras. And I think there is no way that the Court, without repudiating the Carreras decision, could reject the award of attorneys' fees here on the grounds that we are not prevailing parties under, you know, on the relevant claims in the case. I'll very briefly say that in addition to the Mar and Carreras doctrine, we do submit that the Constitution's foreign affairs principle and the executive agreements the Supreme Court enforced in this case and the general Federal, preemptive Federal policy regarding the disposition of the Holocaust claims does create rights within the meaning of Section 1983, which is a second wholly independent ground for awarding fees here. And I'll just focus, for this morning's purposes, on the executive agreements. There actually is a degree of consensus between the parties on the principles at control, I think. I think the parties agree that an executive agreement may be a law within the meaning of Section 1983. And they agree, at least generally, on the standard that applies to determine whether a law creates rights within the meaning of Section 1983. It has to be binding. It has to be judicially enforceable. And it has to have been put in place specifically to provide benefits to a defined group of parties, like plaintiffs. And in this case, there's no question about the first two of those prongs. The Supreme Court's decision establishes beyond dispute that the executive agreements are binding and are enforceable, because the Supreme Court might be in this case. So the dispositive question is whether they were put in place to benefit particular parties. And that is answered in the plain text of the agreements themselves. The German Foundation Agreement, for example, says in its express statement of purposes that it is designed to offer all-embracing and enduring legal peace to a defined group of companies. The operative provisions of the agreement say the same thing. They make it U.S. policy to try to provide legal peace to those companies. The Supreme Court, in its decision in this case, clearly interpreted the agreements to make that an important goal. The principal U.S. negotiators, Secretary of State Albright and Deputy Secretary of the Treasury Eisenstadt, repeatedly and strongly affirmed that that was a goal of the agreement. And while there's no question that the central goal of the agreement was providing redress for Holocaust survivors, Holocaust victims, that a goal and an important goal was one of providing particular category of benefits to a particular identified group of beneficiaries. And under the strictest reading of the Supreme Court's test, in this Court's analysis of the Supreme Court's test for identifying 1983 rights, that is enough to establish that a right was present in this case, because the parties who benefited and the benefits that they are to get are identified in the text of the provision. And since there were rights, those rights were violated, there is an entitlement to fees under Section 1988. But as I said, that is an entirely independent ground, and we think that the Court can and should decide this case under Marr and Carreras. This case is on all fours with the Carreras decision. The Court, I think, there is nothing meaningful to distinguish this case from what the Court said in Carreras. For that reason, the Court should conclude that we are entitled to an award of attorneys' fees in the case should be remanded to the district court for determination of the amount and consideration of the various subsidiary issues that the Court has identified. If there are no further questions, I'm sure that's the balance of my time. Kagan. You may do so.  Mr. Kaplan. I please the Court. There are two issues before the Court today. The first issue is the foreign affairs preemption issue and whether that creates Section 1983 rights. The second issue is whether the insurance companies are entitled to recover fees based on the Commerce Clause and due process issues that they lost in this Court. I'd like to spend most of my time talking about the second issue if I could. Our position is straightforward on that issue. The insurance companies lost on that issue in this Court, and there's nothing that happened in the Supreme Court that changed that result. They're not the prevailing parties on that issue, and there's no public policy reason to treat them as the prevailing parties. Well, they're the prevailing parties in the litigation, and when the case entered at the Supreme Court, those two issues were still alive. Those issues were still alive, Your Honor. They were – this Court – And the Court just decided – in the way the Court decided the case, the Court decided it didn't have to reach that process – That's correct, Your Honor. And Commerce Clause arguments. That's correct, Your Honor. So this Court's disposition of those two issues was not vacated. The judgment of the Court was reversed, which means that the Commissioner couldn't enforce the statute. But for purposes of deciding who's the prevailing party on the fee-bearing claims, which are the Commerce Clause and the due process claims, this Court's disposition of those two issues still existed. The Supreme Court didn't unwind or undo this Court's disposition. What I'd like to do is take the Court – Well, in a future case, I suppose that someone who's looking at a similar issue could look at our Commerce Clause analysis and describe the case as having been reversed on other grounds. That's correct. And that's – and I suppose that's the key to your argument. But the precedential effect of the materials that the Court chose not to comment on is possibly separate from the question whether the prevailing party in this case is entitled to fees. Well, the critical issue, Your Honor, and I'd like to walk you through it if I can, is who's the prevailing party, not on the case as a whole, but who's the prevailing party on the Section 1983 claim? Because Section 1988 says you have to be the prevailing party on a Section 1983 claim. So – and the Court has discretion to award fees to somebody who's the prevailing party on that claim. Now, sometimes somebody who brings a 1983 claim doesn't get that case disposed of on the merits. It's not – there's no disposition of that particular claim. And that could happen in a couple of circumstances. For example, if there's a consent decree entered before there's any adjudication, then there's no adjudication of the 1983 claim. Or where there's a prudential rule also that applies in another set of facts. Imagine that somebody brings a fee-bearing constitutional claim, couples it with a state law claim that arises out of the same facts. There's a well-known prudential rule that essentially directs the courts not to decide the federal constitutional claim and says that the case should be decided on state law grounds. So in that circumstance, the fee-bearing claim will not be decided. It will not be determined. And what Congress said in the legislative history is, we think that there may be an unfairness in that particular set of circumstances where a litigant who might be entitled to fees at that particular federal constitutional claim was litigated, but they're be deprived of the opportunity to litigate that because of a prudential rule that tells the courts not to decide that particular issue. Well, the question then I suppose becomes whether because the Supreme Court took all the issues and chose not to decide two of them, whether this case falls within the hasn't-decided-it rule or not. Yes. Yes, Your Honor, you're right. And the clear answer is that this case does not fall within that rule, and I'll tell you why. In the example that I just gave you, what Congress was focused on was a situation where a party is not able to get to a fee-bearing question because the courts are directed not to decide it. In our situation, the Supreme Court had three constitutional issues in front of it of equal dignity. It chose to decide one of the three issues, but not the other two. But there was no prudential rule that told the Supreme Court you must decide the Foreign Affairs issue and you can't decide the Commerce Clause and due process issues. They had a choice. They could have decided any of those issues, all of those issues, or none of those issues. And it turns out that so happens, they decided one but not the other two. So the unfairness that Congress had singled out in the Marr kind of situation where a party simply can't get to another issue because the courts tell or are directed not to decide that fee issue, simply don't exist here. They don't exist here. The insurance companies lost. They were not the prevailing party. They had their opportunity to litigate the fee-bearing issues in this Court twice. And there's nothing that happened in the Supreme Court that changes that. Well, what effect, if any, should we give to the fact that the Supreme Court accepted cert on those two questions as well? None, Your Honor. Absolutely none at all, because the grant of cert does not unwind or undo this Court's decision. It's not a statement about the merits of the case. It doesn't say who's the prevailing party. And as we pointed out in our brief, if the grant of cert were suddenly to have fee-bearing consequences to it, then that would materially alter the business of the Supreme Court, because every time the Court was deciding whether or not to grant cert, it would have to think about whether or not there's some fee consequence that attaches to that. And the Supreme Court rules are not directed to that, and that's not what the Court does. There's nothing unfair about denying fees based on what happened in the Supreme Court. The Mayer rule, which developed from the congressional legislative history, was focused on a particular problem where there's an issue that's undecided, undecided because the plaintiff is prohibited from dealing with the issue because the courts are directed to decide the case on State law grounds. Let me talk about the Carreras case, because the plaintiffs rely heavily on that. Before I do that, let me come back to a point that the counsel made, because he said that the Mayer rule in the Carreras case would not apply if the Court hadn't granted cert here. And I suggest to Your Honors that the situation is no different whether the Court had granted cert or not. If you imagine that the Court had only granted cert on the foreign affairs issue and then reversed this Court's judgment on foreign affairs grounds, there would be no basis for the insurance companies to argue that they were suddenly the prevailing party on claims that the Supreme Court never decided, that this Court had ruled on in the Commissioner's favor, and to retain their prudential value. And there's no difference between that situation and a situation where the Court granted cert on all three issues, decided one issue, and left the others alone that continue to have precedential value. Under the statute, they must be the prevailing parties on the 1983 claim, or there has to be a reason to assume that they would have been the prevailing parties had the Court let that issue be decided, and they're not. The Carreras case is much different. In the Carreras case, the plaintiff had brought both a Federal and a State constitutional claim. The plaintiff had been successful in part on his Federal constitutional claim, successful in part. And the Court, though, the district court said that there was no award of fees to be made there because no side was the prevailing party. The case then went up to the Ninth Circuit on a number of issues, including the fee issue. The Ninth Circuit did several things. The first thing it did was say that the district court never should have gotten to the Federal constitutional question, should not have decided it, relying on the predential rule that I just described where cases should be decided on State law grounds rather than Federal. Court said that the decision of the district court on the Federal constitutional question was unnecessary, and it cited a case from the Sixth Circuit, the Seals case, which had a similar situation. And in Seals, the Court of Appeals had actually vacated the district court decision on a Federal constitutional claim and then proceeded to award fees. So the first thing the Court in Carreras said was it was unnecessary for the district court to have reached the Federal constitutional question. The Court of Appeals then said on the State law questions, the plaintiff is right. And then finally, the third issue that the Court had to deal with was the attorney's fees issue. And it dealt with that issue in the last two paragraphs of the opinion. The plaintiff had come to court in the Ninth Circuit and said, look, I'm the prevailing party here entitled to fees because I was partially successful on my Federal constitutional claim. And relying on the Hensley case, which authorized some award of fees, plaintiff said, I'm the prevailing party. I should get fees. Court of Appeals said we don't need to reach that issue and we don't intend to reach that issue. The issue is mood. It's mood because the district court never should have gone there, never should have decided the Federal constitutional case. So therefore, in effect, the Court in Carreras treated the district court as having not decided the Federal constitutional claim, then proceeded to cite cases where the Federal constitutional claim was undecided and awarded fees. So it was applying a traditional Marr analysis to a situation where the Federal constitutional claim was essentially undecided. The Court was not awarding fees to somebody who lost in court and was clearly not entitled to fees. In our situation, the insurance companies have lost on both their fee-bearing claims. There's no appellate court that's mooted or vacated this Court's decision. And there's nobody and there's no prudential rule that was in play here that directed an appellate court to decide one issue rather than another. And that's a critical distinction. Again, the policy underlying the Congress's legislative history and the Marr rule is to deal with a particular kind of unfairness that arises where a party is simply not able to get to a fee-bearing claim because the courts are directed not to decide that claim. So let me ask you. So in your view, at the end of the litigation then, when the Supreme Court handed down its opinion, the two, the Commerce Clause claim and the due process claim, were not substantial? No, no. They were substantial. I will assume that they were substantial for purposes of the Marr rule. I'm simply expressing to your honors that the Marr rule does not apply here. The Marr rule applies as a gap filler where you have an undecided fee-bearing claim. Here, the claims were decided adversely to the insurance companies. So the question is whether there's some reason to assume that they would have or should be the prevailing parties on those claims. And what I'm saying is that there's a limited circumstance that Marr was dealing with, that Congress was dealing with, that says it may be unfair when a plaintiff is not permitted to get to a fee-bearing claim because the courts, for prudential reasons, say that the case should be decided on other grounds. That's not our situation here. The Supreme Court could have chosen any one of the three claims. It chose one, not the others. It didn't choose the foreign affairs claim for prudential reasons. And there's no reason to single these people out suddenly as prevailing parties on a 1983 claim. Let me ask you about the other piece of the equation here, which is the foreign affairs claim itself. Because if that is a fee-bearing claim, the rest of the discussion has been interesting, but not dispositive. Yes. So what is your response to counsel's assertion that the foreign affairs claim is itself fee-bearing? The foreign affairs claim is not fee-bearing, Your Honor. The California statute was preempted by expressions of foreign policy that were reflected both inside and outside of executive agreements that the federal government had entered into with other countries. And this foreign policy was directed toward assisting Holocaust survivors in pursuing claims that they had. The foreign affairs power was intended to protect the executive branch's ability to engage in diplomacy, to engage in foreign affairs with other countries. It was not intended to protect any rights in the insurance companies. This case was about, this case in the Supreme Court was about the president's power and protecting that power, not about protecting any rights. The executive agreements and the expressions of foreign policy didn't guarantee or promise any legal peace to the insurance companies from state regulation. There was no commitment that legal peace would be achieved. There was no entitlement to legal peace. At best, what you had there were aspirations by the federal government that said, we'd like the resolution of Holocaust claims to proceed in a certain manner, but they were only aspirational. There was no guarantee or promise of legal peace. And so at best, what you have here is a situation where these folks are incidental foreign policy. They may have had an interest in seeing that the foreign policy here, expressions preempted California law, but as the Gonzaga and the other cases point out, being an incidental beneficiary or having an interest in the enforcement of a law is much different than conferring a right. And particularly where you're dealing with foreign policy expressions that could come from various members of the executive branch and that might change from day to day, we think that the Court should be very cautious in finding an unambiguous creation of a right arising out of those circumstances. If the Court has no other questions, I appreciate it very much, and thank you. Thank you, counsel. Mr. Rothfeld has some rebuttal time remaining. Thank you, Your Honor. Just a couple of quick points. First on the question of the Mar-a-Carreras rule. Mr. Kaplan, I think, has struggled heroically to find some distinction with Carreras, and there simply isn't one. Well, it did involve a State claim, and this one doesn't. That's true, right? That's true. I guess there are two points there. Leaving that aside, and I'll talk about that in a second, Your Honor, the question of whether or not the claims were or should be treated as having been unresolved in the district court in Carreras as opposed to having been resolved here, I think is simply not the basis for this Court's decision that the fee should be awarded in Carreras. The Court says expressly in Carreras that whether the plaintiff was the prevailing party trial is now moot because it has prevailed on appeal. That is the situation that's happened here. The plaintiff has prevailed in the Supreme Court, and whether what the lower court had to say simply falls out of the case altogether. The question of whether or not there's a difference between constitutional issues as the non-fee claim and State law issues, I think, is simply a red herring for a couple of reasons. First of all, it's certainly that's the fact in Carreras that it was a State constitutional claim, and the Court cited an earlier case that had been a Pullman abstention case, which lends some force to their argument that this rule in Carreras is designed for a situation where there are State law claims of some sort and then Federal fee-bearing claims. Well, I think that that was simply not the rationale that the Court used in Carreras when it decided that fees should be available. The Court did not, in its discussion of the fees, which the Court evidently thought that the MAR application of MAR was pretty straightforward. It was a fairly simple discussion, and the Court said plaintiff has prevailed here in this Court on a constitutional issue, and therefore what happens in the lower court is simply immaterial, that whether or not the plaintiff should be treated as having been a prevailing party for fee purposes in the trial court was, as the Court said, was moot because the plaintiff prevailed in this Court, the appellate court, and therefore what happened in the lower court had nothing to do with the application of MAR. I think that was the principle upon which the Court decided Carreras. And that's why I think that's the principle. Well, but the rule that they've cited, the rule that is stated is when the plaintiff in a civil rights action prevails on a pendent State claim, so on and so forth, fees may be awarded. That's the entire holding. It's really short. So this is not a pendent State claim. That is true. That is a factual distinction, Your Honor. But I don't think that the fact that it was a State claim as opposed to a non-fee claim of some other sort was what motivated the decision in Carreras. And there is nothing about the analysis that this Court used in its citation to MAR. Well, what do you make of its citation to the Bartholomew case which allowed fees in the Federal claim because of the application of Pullman abstention? Well, I think there is no question, Your Honor, that where the MAR principle – the MAR principle applies even in circumstances where abstention has no application. And I think everybody agrees that the MAR principle applies even where – when both claims are Federal, whether Federal statutory claims that are the non-fee claims. And so as I read Carreras, the Court was simply saying that the MAR principle applies here, and that's the end of the case. And I think it is quite clear from this Court's decisions, from the Supreme Court's decisions, from legislative history of 1988, that, again, whether it's abstention questions or whether or not the non-fee claim is State or Federal makes no difference. The simple principle of MAR is that the court – that Plankett is entitled to determination of whether or not he or she should get fees. And if the Court is not going to make that determination because there's an unresolved constitutional question that would have to be resolved, that fee should be awarded. I think that is the principle that the court was applying in this case because it said that the MAR was the controlling decision. The MAR was the controlling principle. And that's what's dictated by MAR. And MAR, again, the application of MAR does not turn on whether or not there's a State abstention issue in the case. I don't want to spring another new case on you and rebuttal, but the district judge did rely fairly strongly on Associated General Contractors v. Smith and quoted language from our opinion in that case saying that preemption of State law under the Supremacy Clause being grounded not on individual rights, but instead on considerations of power, will not support an action under Section 1983 and will not, therefore, support a claim for attorney's fees. Can you help us distinguish that case? I think that the Commissioner makes a lot about the Supremacy Clause in his briefs, and I think that that is sort of a distraction from what's going on here. In every case the judge may have been led down the primrose path by the Attorney General on that, but this is what the judge did. In every case, as in the Associated General Contractors, where a State enactment is being invalidated because it's inconsistent with Federal law, either the Federal Constitution or Federal statute, it's through operation of the Supremacy Clause. And in every such case, then, one has to look at the underlying enactment that's inconsistent with the State law to see whether that enactment, whether it's a constitutional provision or a Federal statute, creates rights in the meaning of Section 1983. And I think what Associated General Contractors and cases like it are concerned with a situation in which a State law is struck down because it's inconsistent with a Federal statute that does not create rights, and there are many such Federal statutes. Here, I think that principle doesn't apply for two independent reasons. One is that that rule has no application in the Marr situation, because it's by definition it's always the case in the Marr-Guerreras principle that there is a non-fee-creating provision and a fee-creating provision. And the fact that the plaintiff prevailed and won the case on the non-fee provision does not deprive the plaintiff of the right to an attorney's fees under Marr. And so I think the question is whether or not the statutory or constitutional provision, which led to the invalidation of the provision in the Associated General Contractors case, creates rights, is determinative. In a situation where Marr applies, you don't have to reach that point because we know that there are rights-creating provisions here, the Commerce and Due Process Clause questions, that create rights. And so if we are right in our reading of Marr and Guerreras, we are entitled to fees whether or not the Foreign Affairs principle and the Executive Agreements create rights. Thank you, counsel. Thank you very much, Your Honor. No, but I appreciate your asking. The case just argued is submitted. The arguments of both parties have been very helpful, and the briefing as well. And we stand adjourned. Thank you, Your Honor.
judges: Goodwin, Graber, Paez